UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DAWN SOMMER,** | **2:25-CV-10544-TGB-DRG** |
| Plaintiff, | HON. TERRENCE G. BERG |
| vs. | |
| **ALLIED BUILDING SERVICES, LLC and ALLIED BUILDING SERVICE COMPANY OF DETROIT, INCORPORATED,** | **ORDER GRANTING DEFENDANT ALLIED BUILDING SERVICE COMPANY OF DETROIT, INC.'S MOTION TO DISMISS (ECF NO. 16)** |
| Defendants. | |

This case tells the unfortunate story of how a legal claim can be lost. The Plaintiff in this case sued the wrong company, and by the time she sought to correct the mistake, the required limitations periods (that is, the time by which the suit needed to be filed) had run out.

Plaintiff Dawn Sommer was employed by Allied Building **Service Company of Detroit, Inc.**, but she filed this lawsuit against Allied Building **Services, LLC**. She later amended her complaint to include the correct company, and both are now Defendants. Sommer alleges that during her employment she was sexually harassed and then retaliated against and ultimately discharged for complaining about the harassment. ECF No. 1. Sommer asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL § 37.2101, *et seq.* Defendant Allied Building Service Company of Detroit, Inc., the

company where Sommer worked, has moved to dismiss Sommer's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The motion has been fully briefed. Upon review of the parties' filings, the Court concludes oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the present motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, Allied Building Service Company of Detroit, Inc.'s motion to dismiss will be **GRANTED**.

## I.    BACKGROUND

According to Sommer's Amended Complaint, she was hired by Defendants Allied Building Services, LLC and Allied Building Service Company of Detroit, Inc.[1] in November 2021 to work as a Project Manager. Am. Compl. ¶ 8, ECF No. 10. Sommer alleges that during her employment she was sexually harassed and that, after she complained, she was retaliated against and her employment was ultimately terminated because she complained. *Id.* ¶¶ 10–35.

Sommer filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 26, 2022. *Id.*

---

[1]    The Amended Complaint repeatedly uses the names of both companies, Allied Building Services, LLC and Allied Building Service Company of Detroit, Inc., in identifying Plaintiff's employer. But the parties do not dispute that Plaintiff had only one employer, and the correct name of the employer is Allied Building Service Company of Detroit, Inc.

¶ 6; Charge of Discrimination, ECF No. 17-2. In that Charge, Sommer identifies as her employer: "Allied Building Services" at 1801 Howard Street, Detroit, Michigan 48216. ECF No. 17-2, PageID.113. Sommer asserts in the Charge that the alleged discrimination ended when she was terminated in July 2022. *Id.* Allied Building Service Company of Detroit, Inc. received the Charge of Discrimination, and on August 7, 2024 submitted to the EEOC a position statement with exhibits in response. ECF No. 17-3. On February 12, 2025, the EEOC issued Sommer a Dismissal and Notice of Rights letter. ECF No. 10, ¶ 7.

On February 26, 2025, Sommer filed a Complaint in this action against Defendant Allied Business Services, LLC, alleging sexual harassment and retaliation under Title VII and the ELCRA. ECF No. 1. Allied Building Services, LLC was served with process on March 15, 2025. ECF No. 4. After that Defendant failed to enter an appearance or otherwise respond to the Complaint, Sommer requested a Clerk's Entry of Default on June 13, 2025, ECF No. 5, which was granted the same day. ECF No. 6. The Court entered an order on June 30, 2025, noting that Sommer had not yet sought default judgment and directing Sommer to file a motion for default judgment or a memorandum setting forth the reasons for not doing so. ECF No. 7.

On July 10, 2025, Sommer filed two documents: (1) a Motion for Leave to Amend Complaint to Add Allied Building Service Company of Detroit, Inc. as a Party Defendant, ECF No. 8; and (2) a Memorandum

3

Setting Forth the Reasons for not Having Filed a Motion for Default Judgment, ECF No. 9. In her filings, Sommer stated that as she was preparing a motion for default judgment against Allied Building Services, LLC, she "searched for an additional address to serve a copy of the motion at, and discovered that the proper party Defendant is likely 'Allied Building Service Company of Detroit, Inc.'" ECF No. 8, PageID.23; ECF No. 9, PageID.45. Accordingly, Sommer sought leave to add Allied Building Service Company of Detroit, Inc. as a party Defendant. ECF No. 8, PageID.24. The Court granted Sommer's motion by Text-Only order on August 1, 2025, and Sommer filed her Amended Complaint on August 6, 2025, adding Allied Building Service Company of Detroit, Inc. as a Defendant, along with Defendant Allied Building Services, LLC. ECF No. 10.

Defendant Allied Building Service Company of Detroit, Inc. now moves to dismiss Sommer's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Sommer's Title VII and ELCRA claims against it are barred by the applicable statutes of limitations. ECF No. 16. Sommer filed a response in opposition to the motion to dismiss, ECF No. 17, and Allied Building Service Company of Detroit, Inc. filed a reply brief. ECF No. 18

4

## II.   STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a lawsuit or claim where the defendant establishes the plaintiff's "failure to state a claim upon which relief can be granted." Consideration of a Rule 12(b)(6) motion is generally confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Courts may, however, consider any exhibits attached to the complaint or the defendant's motion to dismiss "so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

In evaluating the motion, courts "must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)). "[M]ere conclusions," however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009), and "[t]hreadbare recitals of the elements of a cause of action," devoid of further factual enhancement, "do not suffice." *Id.* at 678.

5

## III.   DISCUSSION

Defendant Allied Building Service Company of Detroit, Inc. moves to dismiss Sommer's Amended Complaint against it as time-barred. ECF No. 16. While a Rule 12(b)(6) motion is generally an inappropriate vehicle for dismissing a claim based upon a statute of limitations, because a plaintiff is not obligated to plead the inapplicability of an affirmative defense to state a claim, *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012), sometimes the allegations in a complaint affirmatively show that a claim is time-barred, in which case dismissing the claim under 12(b)(6) is appropriate. *Id.* "In other words, a statute of limitations challenge is 'susceptible to resolution on a motion to dismiss' if a plaintiff 'affirmatively pleads himself out of court.'" *Mingo v. Fed Cmty.*, 484 F. Supp. 3d 506, 510 (E.D. Mich. 2020) (Cox, J.) (quoting *Rembisz v. Lew*, 590 F. App'x. 501, 504 (6th Cir. 2014)). That is the case here.

### A. Plaintiff's Title VII Claims Against Allied Building Service Company of Detroit, Inc. are Time-Barred

Sommer alleges claims against Allied Building Service Company of Detroit, Inc. for sexual harassment and retaliation under Title VII. Am. Compl. ¶¶ 36–51, ECF No. 10 (Counts I and II). Allied Building Service Company of Detroit, Inc. argues that Sommer's Title VII claims against it are time-barred because those claims were filed more than 90 days after Sommer received a right-to-sue letter from the EEOC, and those

claims do not relate back to the date of Sommer's initial Complaint. ECF No. 16, PageID.81–82, 83–85.

"Congress gave the EEOC initial enforcement responsibility for employment discrimination claims brought under Title VII." *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018) (citing *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010)). To properly exhaust a Title VII claim, "a plaintiff must: '(1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue ('right-to-sue letter').'" *Id.* (quoting *Granderson v. Univ. of Michigan*, 211 F. App'x 398, 400 (6th Cir. 2006)). Under Title VII, a claimant has 90 days to file suit against her employer after receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). In the Sixth Circuit, the courts presume a plaintiff has received a right-to-sue letter within five days of mailing by the EEOC. *Jackson v. Trinity Health Mich.*, No. 23-2099, 2024 WL 5245014, at *2 (6th Cir. Sept. 24, 2024) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art Inc.*, 209 F.3d 552, 557 (6th Cir. 2000)). This 90-day limit is "strictly enforced." *Graham-Humphreys*, 209 F.3d at 557. Although "[t]he 90-day filing requirement is not jurisdictional and is therefore subject to waiver, estoppel, and equitable tolling[,]" it is strictly applied, and a Court must dismiss a suit "[e]ven where a plaintiff misses the filing deadline by only one day ...." *McKibben v. Hamilton Cnty.*, No. 99–3360, 2000 WL 761879, at *3 (6th Cir. May 30, 2000) (citing *Truitt v. Cnty. of*

7

*Wayne*, 148 F.3d 644, 646 (6th Cir. 1998); *Goodman v. City Prods. Corp., Ben Franklin Div.*, 425 F.2d 702, 703–04 (6th Cir. 1970)).

In this case, Sommer alleges in her Amended Complaint that "the EEOC issued a Dismissal and Notice of Rights letter" to her "[o]n or about February 12, 2025." Am. Compl. ¶ 7, ECF No. 10. Sommer is presumed to have received that document within five days, or no later than February 17, 2025. *See Graham-Humphreys*, 209 F.3d at 557. Accordingly, Sommer was required to file suit on her Title VII claims within 90 days of February 17, 2025, or by May 18, 2025. While Sommer timely filed suit against Allied Building Services, LLC on February 26, 2025, ECF No. 1, she did not file her Amended Complaint, naming Allied Building Service Company of Detroit, Inc. as a Defendant, until August 6, 2025, well beyond the 90 day limitations period provided by Title VII. Sommer's failure to file her Title VII claims against Allied Building Service Company of Detroit, Inc. within Title VII's 90-day limit bars those claims. *See Johnson v. Baptist Mem'l Health Care Corp.*, No. 2:18-cv-02509, 2019 WL 5847850, at *5 (W.D. Tenn. Nov. 7, 2019) (collecting cases). Accordingly, those claims are untimely and must be dismissed, unless they "relate back" to the date of Sommer's initial, timely Complaint, as discussed below.

8

### B. Plaintiff's Michigan ELCRA Claims Against Allied Building Service Company of Detroit, Inc. are Time-Barred

Sommer also brings sexual harassment and retaliation claims against Allied Building Service Company of Detroit, Inc. under the Michigan ELCRA. Am. Compl. ¶¶ 52–67, ECF No. 10 (Counts III and IV). Allied Building Service Company of Detroit, Inc. argues that, like Sommer's Title VII claims against it, her ELCRA claims should be dismissed because they are similarly time-barred. ECF No. 16, PageID.83.

Unlike a Title VII claim, under the ELCRA, a plaintiff may bring her claim in state court without having first administratively exhausted it. *McDaniels v. Plymouth-Canton Cmty. Schs.*, 755 F. App'x 461, 468 (6th Cir. 2018) (citing MCL § 37.2801(1) and (2); *Walters v. Mich. Dep't of Treasury*, 385 N.W.2d 695, 700 (Mich. Ct. App. 1986)). "[A] person must file a claim under [the ELCRA] within three years of the date his or her cause of action accrues." *Garg v. Macomb Cnty. Cmty. Mental Health Servs.*, 696 N.W.2d 646, 658–59 (Mich. 2005); *see McDaniels*, 755 F. App'x at 468. An ELCRA claim accrues at the time of the alleged discriminatory conduct. *See Forrester v. Clarenceville Sch. Dist.*, 537 F. Supp. 3d 944, 951–52 (E.D. Mich. 2021) (Cleland, J.) (citing *Garg*, 696 N.W.2d at 733) (citing MCL § 600.5827)).

Sommer asserts in her sworn Charge of Discrimination that the alleged sexual harassment and retaliation stopped in July 2022. ECF No.

17-2, PageID.113. Accordingly, she was required to file her ELCRA claims against Allied Building Service Company of Detroit, Inc. on or before July 31, 2025. However, she did not file her ELCRA claims against Allied Building Service Company of Detroit, Inc. until August 6, 2025. ECF No. 10. Accordingly, like her Title VII claims, Sommer's ELCRA claims are untimely and must be dismissed, unless they are found to "relate back" to the date of Sommer's initial, timely Complaint, as discussed next.

### C. Relation Back Under Fed. R. Civ. P. 15(c)

Although Sommer's Title VII and ELCRA claims against Allied Building Service Company of Detroit, Inc. were not timely filed, those claims may not be time-barred if they are found to "relate back" to the date of Sommer's original, timely Complaint.

Federal Rule of Civil Procedure 15(c) governs the relation back of amended pleadings and Rule 15(c)(1)(C) specifically governs the "relation back" of an amended complaint that "changes the party or the naming of the party against whom a claim is asserted." Fed. R. Civ. P. 15(c)(1)(C). Under that Rule, an amendment that "changes the party" will relate back to the date of the original complaint if: (1) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original complaint; (2) the new party received notice of the lawsuit within 90 days of the filing of the original complaint such that it will not be prejudiced in defending on the

merits of the case; and (3) the new party knew or should have known within 90 days of the filing of the original complaint that, but for a mistake in the identity of the proper party, the action would have been brought against it. Fed. R. Civ. P. 15(c)(1)(C); *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 544–45 (2010); *Johnson*, 2019 WL 5847850, at *5.

Allied Building Service Company of Detroit, Inc. argues that Sommer's claims against it do not relate back to her original Complaint against Allied Building Services, LLC. ECF No. 16, PageID.83–85. While the Amended Complaint asserts claims that arose out of the same conduct set out in the original Complaint, Allied Building Service Company of Detroit, Inc. asserts that there is no relationship at all between it and Allied Building Services, LLC—that they are instead "separate and wholly unrelated companies"—and that Sommer cannot show that Allied Building Service Company of Detroit, Inc. received timely notice of the original Complaint under Fed. R. Civ. P. 4(m). *Id.* To be timely for the purposes of relating back, Allied Building Service Company of Detroit, Inc.  would have had to receive notice of the instant lawsuit within 90 days of its filing,[2] or by May 27, 2025, but Sommer did not file her Amended Complaint until August 6, 2025. *Id.*

---

[2]    Rule 15(c)(1)(C) provides that the defendant must receive notice "within the time provided by Rule 4(m) for serving the summons and complaint." Fed. R. Civ. P. 15(c)(1)(C). Defendant Allied Building Service Company of Detroit Inc. states in its motion that the applicable time for notice under Rule 15(c) is 120 days. *See* ECF No. 16, PageID.84. However,

Sommer argues that Rule 15(c)(1)(C) is satisfied because Allied Building Service Company of Detroit, Inc. received notice of this action "sometime between October 26, 2022 when [Sommer] filed her EEOC Charge [ ] and August 7, 2024 when [Allied Building Service Company of Detroit, Inc.] filed its EEOC Position Statement [ ], well before this lawsuit was even filed." ECF No. 17, PageID.102. Sommer contends there is no evidence that Allied Building Service Company of Detroit, Inc. would be prejudiced in defending this suit on the merits, and that it "knew or should have known that this action would have been brought against it, but for a mistake in Defendant's identity." *Id.* PageID.102–03.

But there is another problem with using Rule 15(c)(1)(C) as the basis for allowing relation-back in this case. Although this Rule would apply if Sommer had simply *substituted* Allied Building Service Company of Detroit, Inc. for Allied Building Services, LLC, that is not what she did. Sommer *added* Allied Building Service Company of Detroit, Inc. as an *additional defendant. Compare* ECF No. 1 *with* ECF No. 10. Doing so created a new cause of action that does not relate back to the earlier filing date. "The substitution of a correct defendant for a misidentified party will relate back to the date of the original pleading if the requirements of Rule 15(c)(1)(C) are met," *Stansbury v. Faulkner*, 443 F. Supp.3d 918, 936 (W.D. Tenn. 2020), but "an amendment which adds a new party creates

Rule 4(m) was amended effective December 1, 2015 to shorten the standard time limit for serving a defendant from 120 days to 90 days.

12

a new cause of action and there is no relation back to the original filing for purposes of limitations." *Zakora v. Chrisman*, 44 F.4th 452, 480 (6th Cir. 2022) (quoting *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010)); *see also Coleman v. Hamilton Cnty. Bd. of Comm'rs*, 130 F.4th 593, 606 (6th Cir. 2025) ("Rule 15(c)(1)(C) does not apply if the plaintiff adds a new defendant (on top of an existing one) and does not simply substitute one defendant for another."); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and [ ] such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)(3)(B))."); *Lester v. Wow Car Co.*, 675 F. App'x 588, 592–93 (6th Cir. 2017) (affirming trial court's conclusion that claims against new defendants did not relate back to the date of the original pleading "[s]ince the New Defendants were added to the complaint and not even plausibly substituted for an original named defendant.").

In her motion for leave to file her Amended Complaint, Sommer asked the Court to grant her leave to amend the complaint "to *add* Allied Building Service Company of Detroit, Inc. as party defendant." *See* ECF No. 8, PageID.21, 24 (emphasis added). The Amended Complaint names *both* Allied Building Services, LLC and Allied Building Service Company of Detroit, Inc. as Defendants, alleges that *both* Defendants are her employer, asserts all four claims against *both* Defendants, and seeks judgment against *both* Defendants "jointly and severally." *See* ECF No.

13

10; *see also* ECF No. 17, PageID.88 (admitting that the Amended Complaint "named Allied Building Service Company of Detroit, Inc. as an *additional defendant.*" (emphasis added)), PageID.98, 103. Courts have found that a plaintiff's addition of another defendant is "a substantive change in her case, not a technical correction of a pleading mistake." *See Stansbury*, 443 F. Supp. 3d at 936–37 (citing *In re Biozoom, Inc. Sec. Litig.*, 93 F. Supp. 3d 801, 811–12 (N.D. Ohio 2015) (amended pleading did not "relate back" because it "involve[d] adding both new Defendants and new Plaintiffs" rather than "the substitution of plaintiffs or defendants"); *Hiler v. Extendicare Health Network, Inc.*, No. 5:11-cv-192, 2013 WL 756352, at *4 (E.D. Ky. Feb. 26, 2013) (amended pleading did not "relate back" because the defendants it named were "newly added parties, resulting not in substitution or a party change but rather an enlargement of the defendant roster"); *DeBois v. Pickoff*, No. 3:09-cv-230, 2011 WL 1233665, at *10–11 (S.D. Ohio Mar. 28, 2011) (amended pleading did not "relate back" because it "add[ed] three new defendants" rather than effecting a "one-for-one substitution")); *Johnson*, 2019 WL 5847850, at *6 (same). "To allow relation back here would, in effect, convert Rule 15(c) into a discovery rule, for limitations purposes, something the language of the rule simply does not support." *See Hiler*, 2013 WL 756352, at *6.

Accordingly, Sommer's Amended Complaint *adding* Allied Building Service Company of Detroit, Inc. as a Defendant does not relate back the

14

date of her original Complaint, and Sommer's Title VII and ELCRA claims against Allied Building Service Company of Detroit, Inc. are barred as untimely.

But even if this case could be considered under Rule 15(c)(1)(C), the requirements of the Rule are not met because Sommer fails to meet her burden to show that Allied Building Service Company of Detroit, Inc. received notice of this lawsuit within 90 days of the filing of the original complaint and that it knew or should have known within 90 days of the filing of the Complaint that the action would have been brought against it but for Sommer's mistake. *See* Fed. R. Civ. P. 15(c)(1)(C). "The notice may be actual or constructive." *Ham v. Sterling Emergency Servs. of the Midwest, Inc.*, 575 F. App'x 610, 617 (6th Cir. 2014).

Allied Building Service Company of Detroit, Inc. asserts that it is a completely separate and wholly unrelated company to Allied Building Services, LLC, with the companies having different business addresses in different cities and with different registered agents. ECF No. 16, PageID.78, 84. Accordingly, notice provided to Allied Building Services, LLC of the filing of the action cannot be imputed to Allied Building Service Company of Detroit, Inc. Sommer in fact concedes in her Response that "both companies hav[e] no apparent affiliation," ECF No. 17, PageID.98, and she fails to explain how Allied Building Service Company of Detroit, Inc. would have received actual notice of this lawsuit within 90 days of its filing simply by the filing of the lawsuit against the

15

unrelated entity Allied Building Services, LLC. Sommer instead contends that Allied Building Service Company of Detroit, Inc. knew or should have known of the filing of this lawsuit because it participated in the prior EEOC investigatory process initiated by Plaintiff, *id.* PageID.100, and confusingly cites only to Michigan state court cases and Michigan court rules in support of her arguments in her Response brief.

The Sixth Circuit has suggested a number of factors for courts to consider in deciding whether a new defendant had constructive notice of the action for purposes of Rule 15(c)(1)(C): "the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both original and new defendants, and whether the new defendants are officials of the original defendant." *Ham*, 575 F. App'x at 617–18 (quoting *Force v. City of Memphis*, No. 95-6333, 101 F.3d 702, 1996 WL 665609, at *2 (6th Cir. Nov. 14, 1996)); *see also Goss v. Bureau Veritas N. Am., Inc.*, No. 4:21-CV-02574, 2022 WL 444477, at *4 (S.D. Tex. Feb. 14, 2022) (stating courts have found a new defendant to have constructive notice under Rule 15(c)(1)(C) where the parties are part of the same corporate structure or share counsel or share registered agents and thus share an "identity of interest").

Under the facts in this case, Defendant Allied Building Service Company of Detroit, Inc. did not share a corporate structure, counsel, registered agent, or address with Allied Building Services, LLC. Instead, it is undisputed that the two companies are wholly unrelated and "hav[e]

16

no apparent affiliation." *See* ECF No. 17, PageID.98. And Allied Building Service Company of Detroit, Inc.'s knowledge that Sommer filed an EEOC charge in 2022 does not constitute notice that Sommer filed a lawsuit in 2025. There must be some allegation of fact that Allied Building Service Company of Detroit, Inc. received notice that a lawsuit had been filed. *See Krupski*, 560 U.S. at 554 (recognizing that a plaintiff's "post-filing conduct" can also "inform[] the prospective defendant's understanding of whether the plaintiff initially made a mistake concerning the proper party's identity."). Not every administrative charge results in a lawsuit, and Sommer has failed to meet her burden to show that Allied Building Service Company of Detroit, Inc. had notice that a lawsuit had been filed, even against the wrong defendant. Further, the Court agrees that Allied Building Service Company of Detroit, Inc. would suffer prejudice if forced to defend against the merits of Sommer's claims because it otherwise would not have to do so.

Accordingly, Sommer's claims against Defendant Allied Building Service Company of Detroit, Inc. do not relate back to Sommer's original Complaint against Allied Building Services, LLC, and Sommer's Title VII and ELCRA claims against Allied Building Service Company of Detroit, Inc. will be **DISMISSED**.

### D. The Limitations Periods are not Equitably Tolled

In an attempt to save her time-barred claims against Allied Building Service Company of Detroit, Inc., Sommer argues in her

17

Response that the applicable limitations periods should be equitably tolled because Allied Building Service Company of Detroit, Inc. "fraudulently concealed" its identity. ECF No. 17, PageID.103–09. This argument is readily dismissed.

Sommer identified the proper entity as her employer when she filed her Charge of Discrimination. Although *she* (not Allied Building Service Company of Detroit, Inc.) first listed the name as "Allied Business Services" on her Charge, she provided the correct address for her employer—1801 Howard Street, Detroit, Michigan 48216, ECF No. 17-2, PageID.113—and the Charge was served on Allied Building Service Company of Detroit, Inc. at that address. Thus, Allied Building Service Company of Detroit, Inc. did nothing to fraudulently conceal its identity, and, indeed, Plaintiff was aware of the correct location of the company.

When Sommer filed the instant lawsuit, she named and served a wholly unrelated entity called Allied Building Services, LLC located in Livonia, Michigan, and with a resident agent for service of process by the name of William Neumann in Waterford, Michigan. Compl. ¶ 2, ECF No. 1; Summons, ECF No. 2. However, as Sommer concedes in her Motion for Leave to Amend Complaint, a simple search of Michigan's Licensing and Regulatory Affairs database revealed that "the proper Defendant is likely 'Allied Building Service Company of Detroit, Inc.'," which is located at 1801 Howard Street in Detroit—Sommer's place of employment. ECF No. 8, PageID.23. Unfortunately, Sommer's naming and service of the wrong

entity in the original Complaint was a result of her neglect, not Allied Building Service Company of Detroit, Inc.'s fraudulent concealment.

"[F]ederal courts sparingly bestow equitable tolling," *Graham-Humphreys*, 209 F.3d at 560, and the Court declines to do so here. "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560–61. And "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561. The Court will not hold Allied Building Service Company of Detroit, Inc. accountable for Sommer's failure to name and serve the correct party in her original Complaint, especially when she had correctly identified the proper entity when filing her EEOC Charge. *See Wright v. Louisville Metro Gov't*, 144 F.4th 817, 825 (6th Cir. 2025) ("[A] lawyer's legal misstep" does not justify equitable tolling), *cert. denied sub nom.*, *Wright on Behalf of Lyle v. Louisville Metro Gov't*, 146 S. Ct. 1472 (2026).

## IV.   CONCLUSION

For the reasons stated above, Defendant Allied Building Service Company of Detroit, Inc.'s Motion to Dismiss will be **GRANTED** and Plaintiff's claims against Allied Building Service Company of Detroit, Inc. will be **DISMISSED WITH PREJUDICE**.

Because Plaintiff's briefing leaves no doubt that Defendant Allied Building Services, LLC is not the correct party, was not Plaintiff's

employer, and has no liability to Plaintiff, the claims against that Defendant are likewise **DISMISSED WITH PREJUDICE**.

This is a final order and closes the case.

**IT IS SO ORDERED.**

Dated: July 20, 2026         /s/Terrence G. Berg
                            HON. TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE